UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD PETERSON,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No. 1:06-CV-447

Hon. Richard Alan Enslen

**JUDGMENT**

        This matter is before the Court on Petitioner Edward Peterson's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of August 15, 2007, which affirmed Defendant Commissioner of Social Security's decision denying Plaintiff's claim for Disability Insurance Benefits. This Court reviews the decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). Upon review of the Objections and the record, the Court concludes that the Commissioner's decision should be affirmed.

        Plaintiff argues that the Administrative Law Judge ("ALJ") and Magistrate Judge failed to apply the treating physician rule. *See* 20 C.F.R. § 404.1527(d)(2). A treating physician who has long cared for a patient can generally provide more valuable information to the court concerning the patient than can be obtained from mere hospital records and examination reports. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Substantial deference is given to the treating physician's opinion or diagnosis if contradicted. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). If the opinion or diagnosis is uncontradicted, however, complete deference must be given. *Id.*

For substantial deference to be appropriate, the treating physician's opinion or diagnosis must be based upon sufficient medical data. *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987). The treating physician's opinion as to whether plaintiff is disabled need not be given any deference because this determination is expressly reserved to the Commissioner. *See* 20 C.F.R. § 404.1527.

The Report correctly noted that Plaintiff's treating physician—Dr. Hamati—failed to provide sufficient medical data to support his opinions. Because sufficient medical data is lacking, substantial deference should not be given to Dr. Hamati's opinions. The apparent inconsistencies in Dr. Hamati's opinions of Plaintiff's condition support the ALJ's and Magistrate Judge's decision to not apply the treating physician rule. Even if Dr. Hamati relied upon Plaintiff's self-reported pain and inability to work when forming his medical opinions, this alone is not enough to constitute "sufficient medical data." Thus, the decision of the ALJ is supported by substantial evidence.

Plaintiff next argues that there was insufficient cause to reject Plaintiff's reported symptoms. A plaintiff's statements regarding pain or other symptoms will not alone establish that the plaintiff is disabled. 20 C.F.R. § 404.1529(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Subjective complaints of pain, provided there is objective medical evidence of an underlying medical condition, may support a claim for disability if there is either objective medical evidence that confirms the severity of the alleged pain or if the objectively established medical condition is of such severity that it can be reasonably expected to produce the disabling pain. *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 852–53 (6th Cir. 1986). In evaluating claims of pain, however, an ALJ may properly consider the credibility of the claimant, *see Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981), as long as the ALJ's assessment

of credibility is supported by substantial evidence. *See Beavers v. Sec'y of Health, Educ., & Welfare*, 577 F.2d 383, 386–87 (6th Cir. 1978). The credibility assessment of the ALJ, as fact-finder, must be afforded great weight and deference. *Walters*, 127 F.3d at 531.

The record contains little objective medical evidence of a disability as severe as that alleged by Plaintiff. The ALJ's credibility assessment is supported by substantial evidence, and as such, is afforded great deference. The Magistrate Judge properly analyzed the ALJ's decision and further provided a well-reasoned analysis of Plaintiff's claims of pain and disability.

Plaintiff also argues that the ALJ's errors mandate an award of benefits. A remand for an award of benefits is appropriate if no factual issues remain unresolved, the record clearly establishes an entitlement to benefits, the administrative decision is clearly erroneous, the proof of disability is strong, and evidence to the contrary is lacking. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). As discussed above and shown in the Report, the record does not establish an entitlement to benefits. Substantial evidence supports the ALJ's determination that Plaintiff does not have a disability as defined by the Social Security Act.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 11) are **DENIED**, the Report and Recommendation (Dkt. No. 10) is **ADOPTED**, and the decision of the Commissioner of Social Security is **AFFIRMED.**

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen  
   August 31, 2007  RICHARD ALAN ENSLEN  
    SENIOR UNITED STATES DISTRICT JUDGE